**In re James Steven REED, Debtor.**

**James Steven REED, Plaintiff,**

**v.**

**AVCO FINANCIAL SERVICES, Defendant.**

**Bankruptcy No. 379–01862.**
**Adv. No. 379–0002.**

United States Bankruptcy Court,
M. D. Tennessee.

Feb. 13, 1980.

C. Kinian Cosner, Jr., Nashville, Tenn., for debtor.

Keith M. Lundin, Waddey & Lundin, Nashville, Tenn., trustee in bankruptcy.

William E. Porter, Nashville, Tenn., for Avco Financial Services.

### ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

There is before the court an application filed by the debtor for leave of court to pay the $15.00 fee assessed for the filing of an adversary proceeding filed against Avco Financial Services under the Chapter 13 plan. Upon consideration it is the determination of the court that this application must be denied.

Section 28 U.S.C. § 1930(a) provides that certain filing fees will be charged in cases filed under the various chapters of the Code. The section further provides that

An individual commencing a voluntary case or a joint case under title 11 may pay such fees in installments.

Under the Act provision was made for the payment of filing fees in installments. In cases filed under Chapter XIII under the Act and in cases filed under Chapter 13 of the Code the court thus allowed payment of the filing fees under the plan. Apparently, because of this grant, counsel has not filed application to pay all fees under the plan.

Section 28 U.S.C. § 1930(c) provides that the Judicial Conference of the United States shall establish certain fees to be charged for the performance of miscellaneous services. Pursuant to the section the Judicial Conference of the United States prescribed, effective October 1, 1979, that a $15.00 fee would be charged for the filing of a complaint in a controversy over which the court has exclusive jurisdiction. There is no provision in 28 U.S.C. § 1930(c) relative to the delayed payments of these fees.

Rule 7(e) of the Local Rules of Court for the United States District Court for the Middle District of Tennessee which have been adopted by the Bankruptcy Court for the Middle District of Tennessee, Rule 2–7(e), provides that

The Clerk shall require advance payment of fees before any civil action, suit or proceeding is filed.

Accordingly, the Local Rules are clear in the requirement that the fees be paid in advance of the filing of complaints or other proceedings.

Additionally, the court must observe that as a practical matter, administrative problems would dictate rejection of the instant application. There is no procedure for the Clerk to file with the Chapter 13 Trustee a claim for a fee of $15.00 to be charged for the payment of the filing fee. Further, if ordered to allow payment in the plan, the Clerk would be required to establish procedures to identify those cases which require the filing of a claim with the Trustee for the payment of the fees. A periodic checking of that record would be required to determine that the fees were indeed paid. It would be necessary to keep up with the payment of those fees to insure that in the event of a conversion to a Chapter 7, the fees were not unpaid. All parties are aware, the Chapter 13 claims in this district are set up on a computer. The fee payment is not listed on the original schedules and thus to place of record another claim would require the payment of a fee. It appears highly impractical to pay a $5.00 computer charge to have placed in the Chapter 13 plan a $15.00 filing fee. This is not in the debtor's best interest. Indeed, that type of installment service charge probably accounts for some of the debtor's problems.

In summary, the court finds there is no statutory basis for the payment of this fee in installments nor under the plan. There is no legal basis for the deferred payment of this fee as the local rules require payment of at the time of filing. Finally, as a practical matter such should not be done from the standpoint of the administrative difficulties presented or in the best interest of the debtor.

Accordingly, the Clerk is directed that the provisions of Rule 7(e) shall be complied with relative to the filing of complaints or other charges required by 28 U.S.C. § 1930(c).

The parties are given five days to pay the fee or the complaint will be dismissed.

It is so ORDERED.